UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES HARMON III,

    Petitioner,

v.                                       Case No. 1:09-cv-189-MP-AK

MARTHA HUMPHRIES, WARDEN,

    Respondent.

_____

**REPORT AND RECOMMENDATION**

This matter is before the Court on Doc. 1, a pleading styled as a "Petition for Writ of Habeas Corpus Ad Testificandum" pursuant to 28 U.S.C. § 2241(c)(2) & (3), Doc. 2, a motion for preliminary injunction, and Doc. 8, a motion to amend the petition by joining additional parties. Petitioner has paid the habeas corpus filing fee.

Although styled as a habeas corpus petition, a review of the pleadings reflects that Petitioner is in fact challenging the Eleventh Circuit's decision affirming this Court's order dismissing a civil rights case filed by Plaintiff for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(b)(1), and this Court's determination that such dismissal counted as a "strike" for purposes of 28 U.S.C. § 1915(g). See Harmon v. Webster, Case No. 07-13125 (11th Cir. 2/1/08) (unpublished). Petitioner argues that the Eleventh Circuit's opinion deprives him of access to court and of liberty without due process of law, and that such deprivations may be redressed by this Court. Doc. 1. Petitioner's motion for preliminary injunction, Doc. 2, reiterates these claims and prays for an order enjoining enforcement of the Eleventh Circuit's opinion against him. Petitioner's motion to amend, Doc. 8, seeks to name as additional respondents the Eleventh Circuit judges comprising

the panel that decided his appeal.

Pursuant to § 2241, the writ of habeas corpus extends, *inter alia*, to prisoners who are in custody in violation of the Constitution or laws or treaties of the United States. It is clear that Petitioner's claims are not in any way cognizable under § 2241, nor is there any other jurisdictional basis for this Court to entertain Petitioner's claims. Petitioner's attempt to challenge the Eleventh Circuit's decision by way of a habeas petition in this Court is patently frivolous.

Accordingly, it is respectfully **RECOMMENDED** that:

(1) Petitioner's motion for preliminary injunction (Doc. 2) be **DENIED**;

(2) Petitioner's motion to amend (Doc. 8) be **DENIED**;

(3) The Petition (Doc. 1) be **DENIED**, and this case **DISMISSED** as frivolous; and

(4) In view of the fact that Petitioner has now accumulated at least three strikes pursuant to 28 U.S.C. § 1915(g), that Petitioner be **WARNED** that the filing of frivolous habeas petitions will result in the imposition of monetary sanctions.

**IN CHAMBERS** at Gainesville, Florida, this 28th day of December, 2009.

 *s/A. Kornblum*
**ALLAN KORNBLUM**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**