IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

JAMES HARMON, III,

    Petitioner,

v.                                          CASE NO. 1:09-cv-00189-MP-AK

MARTHA HUMPHRIES,

    Respondent.

_____/

**O R D E R**

This matter is before the Court on Report and Recommendation regarding the Petition for Writ of Habeas Corpus, filed by James Harmon III, Doc. 1, the corresponding Motion for Preliminary Injunction, Doc. 2, and Motion to Amend, Doc. 8. The Magistrate Judge has recommended the Petition be denied and the case dismissed as frivolous, on the grounds that Petitioner is misusing the writ of habeas corpus to challenge collaterally the decision of the United States Court of Appeals for the Eleventh Circuit's order in a civil rights case. *See Harmon v. Webster*, Case No. 07-13125 (11th Cir. 2008) (unpublished). Petitioner has timely objected to the Report and Recommendation, Doc. 11, on the grounds that the order of the Eleventh Circuit wrongfully deprived him of the liberty to seek redress of grievances guaranteed by the First Amendment to the United States Constitution. Objected-to findings in a Report and Recommendation are reviewed *de novo*.

Petitioner describes losing his civil rights appeal at the Eleventh Circuit as being deprived of a right without due process of law. His argument is unpersuasive because pursuit of vindication in the Courts of the United States, up to and including the United States Court of

Appeals for the Eleventh Circuit, represents extremely extensive process. No more is due. The ruling of the Eleventh Circuit denying Mr. Harmon relief on his civil rights claim is not a "taking" within the meaning of the Fifth Amendment, and Mr. Harmon fails to cite to a single authority that suggests it can be.

Petitioner wishes to amend his petition to name individually the judges of the Eleventh Circuit panel that ruled against him as individual respondents. He may not do so. Such a lawsuit, as against them, is barred by absolute judicial immunity.

Petitioner wishes for a preliminary injunction staying enforcement of the Eleventh Circuit's order. This court has no jurisdiction to entertain such a request..

Pursuant to 28 U.S.C. § 2241, the writ of habeas corpus extends, *inter alia*, to prisoners who are in custody in violation of the Constitution or laws or treaties of the United States. It is clear that Petitioner's claims are not in any way cognizable under § 2241, as they challenge instead an order in a civil case, nor is there any other jurisdictional basis for this Court to entertain Petitioner's claims of wrongdoing by the judges of the Eleventh Circuit. Petitioner's attempt to challenge the Eleventh Circuit's decision by way of a habeas corpus petition is patently frivolous.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1. The Report and Recommendation of the Magistrate Judge, Doc. 10, is ADOPTED and incorporated herein.

2. Petitioner's motion for a preliminary injunction, Doc. 2, is DENIED.

3. Petitioner's motion to amend, Doc. 8, is DENIED.

4. The Petition, Doc. 1, is DENIED, and this case is DISMISSED as frivolous.

5.  Petitioner is warned that, since he has accumulated at least three strikes pursuant to 28 U.S.C. § 1915(g), the Court may punish the filing of frivolous habeas corpus petitions with monetary sanctions.

**DONE AND ORDERED** this   *11th* day of January, 2010


   *s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge